# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ALFRED A. JOHNSON SR., | : Case No. 1:23-cv-432 |
| Plaintiff, | : |
| vs. | : Judge Michael R. Barrett |
| | : Magistrate Judge Kimberly A. Jolson |
| DIR. ANNETTE CHAMBERS-SMITH, *et. al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

Alfred A. Johnson Sr., a state prisoner, has filed a pro se civil rights Complaint with this Court. (Doc. 4). He primarily alleges that staff at Lebanon Correctional Institution violated his rights and prison policy by failing to secure his personal property while he was in segregated housing. His property, including a box of food, was allegedly stolen by another inmate. (*Id*.).

The matter is currently before the Court for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DISMISS** all claims concerning the loss of Plaintiff's personal property and related issues; **SEVER** and **DISMISS** without prejudice his unrelated sexual harassment claim; and **DENY** the pending motions for injunctive relief and mandamus as moot. (Doc. 6, 7).

I.     **Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 3), the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a) and 28 U.S.C.

§ 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

2

## II. Parties and Claims

Plaintiff Johnson is currently in the custody of the Ohio Department of Rehabilitation and Correction (ODRC) at Lebanon Correctional Institution (LeCI). (Doc. 4, PageID 37–38). Plaintiff has filed several previous cases in this Court and other courts. (*See* Order Granting *In Forma Pauperis* Status, Doc. 3). One of those cases, *Alfred A. Johnson, Sr. v. ODRC Annette Chambers-Smith, Dir.*, No. 2:22-cv-4179, 2023 WL 2555446 (S.D. Ohio Mar. 17, 2023) (Report and Recommendation) (*Johnson I*), is currently pending before this Court. As before, Plaintiff is proceeding here without the assistance of counsel.

Plaintiff sues the following ten individuals, all of whom appear to be affiliated with the ODRC and/or LeCI:

1. Director Annette Chambers-Smith
2. Inspector Devin Hoover
3. Unit Manager Ms. Willis
4. Sergeant S. Burns
5. Case Manager Terra Gray
6. Correctional Officer Coombe
7. Correctional Officer Ms. Bell
8. Case Manager Simon (Unit 2)
9. Sergeant Cole (A-Block)
10. Unit Manager Krabbee

Plaintiff says in the body of the Complaint that he sues Defendants in their individual capacities, but asserts in the caption of the Complaint that they are sued in their official and individual

3

capacities. (*Compare* Doc. 4, PageID 39 *with* PageID 37). Plaintiff sues the ODRC Director on the basis of vicarious liability. (Doc. 4, PageID 38).

The pro se Complaint is at times unclear. It appears to raise one primary issue. Plaintiff asserts that he is "filing this lawsuit on these staff here at Lebanon Correctional Institution, for the loss of my property and [for] being deliberate indifferent."[1] (Doc. 4, PageID 37). He explains that on March 23, 2023, he was placed in segregation for several hours. (*Id*., PageID 37–38). Neither the interaction that led to Plaintiff being placed in segregation, nor the sanction itself appear to be the focus of Plaintiff's Complaint.

Plaintiff says that he left for segregation that morning without packing up his personal belongings. (Doc. 4, PageID 37). He did not have a cellmate when he left. (*Id*.) When he returned to his cell that afternoon, he did: Inmate Harris. (*Id*.) Plaintiff suggests that Inmate Harris took his personal property, which included a box of food. (*Id*., PageID 38). Plaintiff sues the LeCI staff members for their alleged failure to pack up and secure his belongings before letting Inmate Harris into the cell, for failing to investigate his grievance(s) on this issue, and for an alleged conspiracy to cover up the loss of his property. (*Id*., PageID 37–39). He also includes a claim against a separate Defendant, concerning an unrelated incident during which he says he was called "a little girl." (*Id*., PageID 39).

The Undersigned reads Plaintiff's Complaint as primarily raising a claim under 42 U.S.C. § 1983 for the deprivation of personal property under the Fourteenth Amendment and ODRC policy. Notably, Plaintiff does not appear to challenge the constitutionality of his short stay in segregation on March 23, 2023, although he does criticize the staff members with whom he

---

[1] Plaintiff's Complaint was submitted in all capital letters. Quoted portions of the Complaint that appear in this Report and Recommendation use lower case letters for better readability.

interacted. Some other issues are briefly mentioned in the Complaint but not fully explained, as discussed in Section H, below.

Plaintiff seeks monetary relief in the amount of five million dollars, plus attorney fees and paralegal fees of $32,400 and $16,200, respectively. (Doc. 4, PageID 40).

### III. Discussion

"To state a claim for relief under § 1983, the plaintiff must allege enough facts to show the violation of a right secured by the Federal Constitution or laws and that the violation was committed by a person acting under the color of state law." *See Montgomery v. Ferentino*, No. 20-3114, 2021 WL 3204843, at *2 (6th Cir. Feb. 24, 2021). Plaintiff fails to state such a claim. The Undersigned notes that many of the same legal issues apparent in this case were discussed in *Alfred A. Johnson, Sr. v. ODRC Annette Chambers-Smith, Dir.*, No. 2:22-cv-4179, 2023 WL 2555446 (S.D. Ohio Mar. 17, 2023) (Report and Recommendation) (*Johnson I*).

#### A. <u>Official Capacity Claims</u>

Plaintiff is prohibited from bringing a suit for damages against any "state actor" defendant in his or her official capacity. "The Eleventh Amendment protects a state official from suit for monetary damages in his or her official capacity because a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Zakora v. Chrisman*, 44 F. 4th 452, 474 (6th Cir. 2022) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63–64, 71 (1989)) (cleaned up)). *See also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

Here, all of the Defendants are state officials or employees. (Doc. 4, PageID 37–38). Thus, the claims for monetary damages against them *in their official capacities* are barred by the

Eleventh Amendment and should be dismissed. *See Johnson I,* 2023 WL 2555446, at *19–20 (recommending that this Court dismiss "all of his [official capacity] claims for monetary damages" because they are "barred as a matter of law").

Plaintiff's claims against Defendants *in their individual capacities* are discussed next.

### B. <u>Loss of Personal Property</u>

Plaintiff alleges that LeCI staff failed to secure his personal property while he was in segregation, and it was stolen. (Doc. 4, PageID 37–39). He alleges that staff's failures violated the Due Process Clause of the Fourteenth Amendment and ODRC policy. He fails to state a claim in either of these respects.

#### 1. *<u>The Due Process Clause of the Fourteenth Amendment</u>*

This claim fails because Plaintiff fails to plead a required element: that state remedies for redressing the wrong are inadequate or unavailable. As this Court has explained when dismissing similar claims:

> The Supreme Court of the United States has held that a complaint alleging the negligent or intentional loss of personal property does not state a cognizable claim for relief under § 1983 where state law provides an adequate remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Thus, a plaintiff "does not state a due process claim merely by alleging the deprivation of property." *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12-cv-194, 2012 WL 1902602, at *17 (N.D. Ohio May 25, 2012) (citing *River City Capital, L.P. v. Bd. of Cnty. Com'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 306 (6th Cir. 2007) (citing *Parratt*, 451 U.S. 527)). A plaintiff must also plead "that state remedies for redressing the wrong are inadequate." *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *5 (S.D. Ohio Feb. 19, 2014) (quoting *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983) and citing *Hudson*, 468 U.S. 517 and *Parratt*, 451 U.S. 527). State remedies in this context may include, among other things, "a judicial remedy in tort." *Pilgrim v. Littlefield*, 92 F.3d 413, 417 (6th Cir. 1996). And, "[s]tate tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses." *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36).
>
> **Where a plaintiff "has not alleged any facts which indicate that the state post-deprivation remedies are inadequate or unavailable to redress the wrong," a**

6

> **property-deprivation claim like this one must be dismissed**. *Thompson v. Esham*, No. 1:15-cv-553, 2016 WL 692542, at *1 (S.D. Ohio Feb. 22, 2016) (citing *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995)); *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985) (affirming dismissal of a § 1983 action brought by a prisoner alleging that his personal property was stolen from his cell while he was hospitalized, because "there is no cause of action . . . unless plaintiff pleads and proves that state remedies are inadequate."). Here, Plaintiff has not alleged that Ohio's post-deprivation remedies, particularly state tort remedies, are inadequate or unavailable, and so fails to state a claim on which relief can be granted under the Due Process Clause.

*Fambro v. Blackwell*, No. 2:22-cv-1826, 2022 WL 2071794, at *3 (S.D. Ohio June 9, 2022) (emphasis added), *report and recommendation adopted*, 2022 WL 2441253 (S.D. Ohio July 5, 2022). *See also Johnson I,* 2023 WL 2555446, at *22 (recommending that this Court dismiss for failure to state a claim Plaintiff's previous claim for loss of (different) personal property for the same reason).

Likewise here, Plaintiff does not allege that state remedies are unavailable or inadequate. His claim under the Fourteenth Amendment should be dismissed.

### 2. *ODRC (State) Policy*

Plaintiff asserts that Defendants' failure to secure his personal property violates ODRC policy. (Doc. 4, PageID 37–38). Plaintiff cannot base a § 1983 claim on a violation of ODRC policy, however. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983"). *See also Johnson I*, 2023 WL 2555446, at *17 (recommending that Plaintiff's claims alleging violations of state law and ODRC policy be dismissed for failure to state a claim). His claim in this respect should also be dismissed.

7

C. **<u>Vicarious Liability</u>**

Plaintiff alleges that defendant Chambers-Smith is vicariously liable because she "is the Director and enforces all policies and procedures, she is liable for all state of Ohio ODRC workers, she is vacariously [sic] responsible." (Doc. 4, PageID 38). To the contrary:

> It is well-settled that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). "Rather, individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)). There are no allegations here of any allegedly unconstitutional behavior by the Director.

*Johnson I,* 2023 WL 2555446, at *18 (recommending dismissal of Plaintiff's claims against the Director). His attempt to hold her vicariously liable here should also be dismissed.

D. **<u>Grievance Claims</u>**

Plaintiff faults Inspector Hoover for failing to investigate Inmate Harris when Plaintiff filed grievances about his stolen property. (Doc. 4, PageID 38–39). It is implied that Plaintiff's grievances were denied.[2]

The United States Court of Appeals for the Sixth Circuit has directly held that a plaintiff "may not base his claim against . . . individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." *Lee v. Mich. Parole Bd.*, 104 Fed. App'x. 490, 493 (6th Cir. 2004) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *see also Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008).

---

[2] Plaintiff attaches to his Complaint three yellow papers titled "Informal Complaint Resolution" that he may have intended to address this issue. (*See* Doc. 4, PageID 41-43). These pages are almost entirely illegible. From what can be read on the first two pages, the documents concern a "mouse bite"—an issue not raised in the Complaint.

8

> In other words:
>
> > "Section 1983 liability cannot be based upon a defendant's handling of a grievance or failure to remedy unconstitutional behavior committed by others." *Taylor v. First Med. Mgmt.*, No. 18-5282, 2019 WL 1313828, at *3 (6th Cir. Feb. 21, 2019) (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999)). This is because a § 1983 claim requires a plaintiff to allege the deprivation of a *constitutional* right. *LaFlame v. Montgomery Cnty. Sheriff's Dep't.*, 3 F. App'x 346, 348 (6th Cir. 2001). But "there is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003).[3] These claims, therefore, fail to state a claim on which relief may be granted.

*Johnson I*, 2023 WL 2555446, at *27 (recommending dismissal of Plaintiff's claims concerning his grievances).

Here, Plaintiff's claim(s) against Inspector Hoover and any other Defendant based on the denial of a grievance should be dismissed.

### E. Conspiracy

Plaintiff alleges that Inspector Hoover and Case Manager Gray conspired to cover up his missing property. (Doc. 4, PageID 38). He asserts that Hoover conspired by not investigating Inmate Harris and not reviewing camera footage, and Gray conspired by not securing his property. (*Id.*). Plaintiff also appears to allege that Unit Manager Willis is part of the conspiracy because she delayed in making a "theft loss report" on Plaintiff's behalf. (Doc. 4, PageID 39–40).

"A civil conspiracy under § 1983 is an agreement between two or more persons to injure another by unlawful action." *Crowley v. Anderson Cnty., Tenn.,* 783 F. App'x 556, 560 (6th Cir. 2019) (internal citations and quotations omitted). "To prevail on a civil conspiracy claim, a plaintiff must show that (1) a single plan existed, (2) the defendant shared in the general

---

[3] This is not to say that a prisoner does not have a right to file grievances, but that the denial of a grievance is not a free-standing constitutional claim. Receiving a punishment for filing a nonfrivolous grievance may state a retaliation claim. *See generally, Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005) (citing *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)) ("Prisoners have a First Amendment right to file institutional grievances without being subject to retaliation . . . ; however, this right only extends to the filing of non-frivolous grievances.").

9

conspiratorial objective to deprive the plaintiff of his constitutional (or federal statutory) rights, and (3) an overt act was committed in furtherance of the conspiracy that caused the injury to the plaintiff." *Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011) (quoting *Hooks v. Hooks*, 771 F.2d 935, 944 (6th Cir. 1985)) (cleaned up).

"Although circumstantial evidence may prove a conspiracy, it is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Jordan v. Stroughter*, No. 21-1204, 2022 WL 620119, at *3 (6th Cir. Feb. 23, 2022) (citations omitted, cleaned up). Plaintiff's allegations here concerning an alleged conspiracy in the Complaint are vague and conclusory, consisting only of his characterization of arguably parallel conduct as a conspiracy. This is not enough. *See Alger v. McDowell*, No. 19-12889, 2021 WL 6930585, at *4 (E.D. Mich. Dec. 27, 2021), *report and recommendation adopted*, 2022 WL 468589 (E.D. Mich. Feb. 14, 2022) (quoting *Twombly*, 550 U.S. at 556-57) ("An allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, merely parallel conduct could just as well be independent action.") (cleaned up). Plaintiff's assertions, which are not supported by any factual allegations that would permit a plausible inference that these Defendants shared an unlawful objective, are insufficient to state a conspiracy claim. *See Johnson I*, 2023 WL 2555446, at *12–15 (recommending dismissal of Plaintiff's claims alleging conspiracy under 42 U.S.C. §§ 1983 and 1985 because he failed to allege facts beyond speculation that a conspiracy existed). His conspiracy claim(s) here too should also be dismissed.

F. **Racial Profiling and Targeting**

Plaintiff also asserts a "racial profiling and targetting [sic]" claim against Inspector Hoover and Case Manager Gray. (Doc. 4, PageID 38). He appears to base this claim on allegations that Hoover delayed in providing Plaintiff with copies of his "kites and grievances," and that Gray

10

wrote a disciplinary ticket against him on March 23, 2023, for the incident that caused him to be sent to segregation. (*Id.*). Neither allegation is sufficient to state a claim on which relief may be granted. As the Magistrate Judge said in *Johnson I*:

> The Undersigned recognizes that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333 (1968)). But, "vague, conclusory allegations of racial discrimination are not enough to state an equal protection claim." *Jackson v. Madery*, 158 F. App'x 656, 659 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018). *See also Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 344-45 (6th Cir. 2014) ("Conclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim.").
>
> To state an equal protection claim, a prisoner must allege sufficient plausible facts to show "that a state actor intentionally discriminated against [him] because of membership in a protected class." *Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990) (internal quotation marks omitted), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n.4 (6th Cir. 2017*); see also Herron v. Harrison*, 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 255-56 (1995)).
>
> Plaintiff does not plead such facts in his Complaint. With respect to the . . . equal protection assertion, Plaintiff simply alleges that he is black and Defendants are white, and concludes that they have discriminated against him. More is required to state an equal protection claim. *See Jarrett v. Greene*, No. 1:22-cv456, 2022 WL 13795466, at *6 (S.D. Ohio Oct. 24, 2022), *report and recommendation adopted*, 2022 WL 17253595 (S.D. Ohio Nov. 28, 2022) (dismissing a "bare claim" of discrimination for failure to state a claim); *Success v. Macauley*, No. 1:21-cv-254, 2021 WL 5002311, at *19 (W.D. Mich. Oct. 28, 2021) (plaintiff's conclusory allegation that defendants engaged in racial discrimination fails to state an equal protection claim).

*Johnson I*, 2023 WL 2555446, at *15-16.

The same is true here. Plaintiff asserts that Hoover and Gray are white and he is black, and concludes that they targeted him based on his race. (Doc. 4, PageID 38). But he does not provide any factual basis for his conclusion nor provide any facts from which this Court could plausibly

11

infer that these Defendant discriminated against Plaintiff in violation of the Equal Protection Clause. This claim should be dismissed.

> G. **Sexual Harassment**

Plaintiff includes a claim about an unrelated incident that occurred the month after his personal property was stolen. He says:

> I was sexually harassed by Case Manager Simon in J Block in the month of April.
>
> This case manager did say to me in front of the whole block {your acting like a little girl}
>
> I am a heter[o]sexual male, and this is a mens prison. This did cause me immediate intentional emotional distress. . . . The inmates started yell[ing] hey little girl look at her walk, cat calls and whistles. This was a total embarrassment and humiliation, he did defame my character. . . . Also several inmates hear him call me a {little bitch} when I was walking away.

(Doc. 4, PageID 39). Plaintiff asserts that Simon's behavior violated ODRC policy, state law, and the Equal Protection Clause, was defamation of character, and violated the Americans with Disabilities Act. (*Id.*).

This unrelated claim should be severed and dismissed without prejudice. Rule 20 of the Federal Rules of Civil Procedure provides that "persons . . . may be joined in one action as defendants if: any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). "Under this rule, a plaintiff may not 'combine into one lawsuit unrelated claims against different defendants.'" *Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *1 (E.D. Mich. Aug. 6, 2018) (quoting *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), *report and recommendation adopted*, 2017 WL 994350 (E.D. Mich. Mar. 15, 2017)). As one court explained:

> [M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Johnson I*, 2023 WL 2555446, at *7–8.

Here, the Complaint primarily raises claims about Plaintiff's stolen personal property. Plaintiff does not allege—as best as can be determined—that Case Manager Simon was involved in that situation. The "sexual harassment" by Simon reportedly occurred at a different time. It neither arises out of the "same transaction, occurrence, or series of transactions or occurrences" as Plaintiff's other claims, nor does it appear to involve "any question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). It is, in the language of *George*, an example of a plaintiff improperly attempting to join "unrelated Claim B against Defendant 2" with "Claim A against Defendant 1." 507 F.3d at 607.

"When claims are misjoined, the proper remedy 'is to sever the claims against the unrelated parties and dismiss those claims without prejudice.'" *Bates v. Ohio Dep't of Rehab. & Corr.*, No. 1:22-cv-337, 2023 WL 1987956, at *2 (S.D. Ohio Feb. 13, 2023) (quoting *Cage*, 2018 WL 3729062, at *2 (citing Fed. R. Civ. P. 21)). Plaintiff's unrelated claim here against Case Manager Simon should be severed and dismissed without prejudice.

This result would be more just than directing the Clerk to automatically open a new case for the severed claim because it allows Plaintiff the opportunity to consider whether he would like to pursue a separate action against Simon, for which he would be required to pay an additional filing fee and which could be treated as an additional "strike" if the claim is dismissed under 28

13

U.S.C. §§ 1915 and 1915A. (*See* Order Granting *In Forma Pauperis* Status, Doc. 3 (discussing Plaintiff's "strikes")).

Further, it appears that the claim against Simon lacks merit. "Harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." *Mallory v. Smith*, No. 3:17-cv-P253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) (collecting cases); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987)) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). Likewise, "verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment." *Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) (citing *Ivey*, 832 F.2d at 955).

"With respect to sexual threats or harassment, circuit courts consistently have held that sexual harassment, absent contact or touching, does not satisfy the objective requirement [of an Eighth Amendment Claim] because such conduct does not constitute the unnecessary and wanton infliction of pain." *Id*. (and the cases cited therein). "Some courts have held that even minor, isolated incidents of sexual touching coupled with offensive sexual remarks do not rise to the level of an Eighth Amendment violation." *Id*. Here, there is no allegation of sexual touching by Simon. (Doc. 4). His alleged "verbal sexual harassment, standing alone, [is] insufficient to state a claim under the Eighth Amendment." *Snelling*, 2016 WL 6518264, at *7. Thus, to the extent that Plaintiff would later seek to raise a "sexual harassment" claim against Simon based on the two statements Plaintiff attributes to him, Plaintiff is cautioned that he would likely fail to state a § 1983 claim on which relief could be granted. *See Willis v. ODRC, Dir.*, No. 1:22-cv-264, 2022

14

WL 2063739, at *11 (S.D. Ohio June 8, 2022), *report and recommendation adopted*, 2022 WL 16735157 (S.D. Ohio Nov. 7, 2022) (recommending dismissal of verbal sexual harassment claim).

At this time, however, the Court should sever the sexual harassment claim against Simon and dismiss it without prejudice.

H. **Other Labels and State Law Claims**

The pro se Complaint mentions a number of other labels, statutes, constitutional amendments, requests for relief, and legal theories. It fails, however, to develop these mentions with sufficient factual allegations to state plausible claims. (*See, e.g.*, Doc. 4, PageID 37 (listing in the caption the First and Fourth Amendments, the Americans with Disabilities Act (ADA), fiduciary duties, "2921.44 D.O.D.," the Ohio Corrupt Practices Act,[4] and the Federal RICO Act[5])).

Including only "labels and conclusions" in a Complaint is not enough to state a plausible claim. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The Undersigned recommends that any claims based on the inclusion of these labels be dismissed. *See Brown v. Wal-Mart Stores, Inc.*, 507 F. App'x 543, 547 (6th Cir. 2012) (courts "are not required to conjure up allegations not pleaded or guess at the nature of an argument."). The Undersigned makes a few additional observations about these labels and other brief statements in the Complaint that could indicate a desire to raise a claim.

---

[4] Plaintiff may be referring to Ohio Revised Code § 2923.31 *et seq*.

[5] "The Sixth Circuit and other federal courts consistently have rejected RICO claims concerning prison conditions." *Annabel v. Michigan Dep't of Corr.*, No. 1:14-cv-756, 2014 WL 4187675, at *20 (W.D. Mich. Aug. 21, 2014).

To the extent that Plaintiff is raising a claim under § 1983 for the violation of state law, such as Ohio Administrative Code § 5120-9-04[6] or Ohio Revised Code § 2921.44,[7] such claims should be dismissed. *See Johnson I*, 2023 WL 2555446, at *17 ("Section 1983 does not provide a remedy for violations of state laws or regulations.").

To the extent Plaintiff is seeking to raise a disability discrimination claim under Title II of the ADA, he fails to state a plausible claim. He alleges that he is a person with a disability, and that his mental state was disregarded or disturbed by Defendants. (*See* Doc. 4, PageID 38 (with respect to Inspector Hoover) and PageID 38 (with respect to Case Manager Simon)). But he fails to allege—among other things—that he was "qualified to participate in a public program, service, or activity, and was excluded from participation in the public program or was discriminated against by the public entity because of his or her disability." *Shaffer v. City of Columbus*, 444 F. Supp. 3d 872, 879 (S.D. Ohio 2020) (cleaned up). Any attempted claims under Title II of the ADA should be dismissed.

To the extent Plaintiff sues Correction Officer Bell for yelling at him and using profanity, he fails to state a constitutional claim. *See Mallory,* 2017 WL 3484690, at *3 (collecting cases)

---

[6] This code section, entitled "Appropriate supervision, discrimination and racial issues, provides in pertinent part:

> As used herein, the term "inappropriate supervision" means any continuous method of annoying or needlessly harassing an inmate or group of inmates, including, but not limited to, abusive language, racial slurs, and the writing of inmate conduct reports strictly as a means of harassment. A single incident may, due to its severity or egregiousness, be considered inappropriate supervision for purposes of this rule.

Ohio Admin. Code § 5120-9-04(B). "This Court has specifically held that Ohio Admin. Code 5120-9-04(B) does not create a liberty interest capable of being violated by Defendants in this context." *Willis v. ODRC, Dir.*, No. 1:22-cv-264, 2022 WL 2063739, at *7 (S.D. Ohio June 8, 2022), *report and recommendation adopted*, 2022 WL 16735157 (S.D. Ohio Nov. 7, 2022) (citation omitted, cleaned up). "The state simply has no federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Id.*

[7] This code section, entitled "Dereliction of duty," describes a misdemeanor offense under Ohio law. It provides in part that "[n]o officer, having charge of a detention facility, shall negligently . . . [f]ail to observe any lawful and reasonable regulation for the management of the detention facility." Ohio Revised Code § 2921.44(C)(5).

("Harassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation.").

To the extent Plaintiff has named Sargent Cole and Unit Manager Krabbee as defendants, the Undersigned is unable to locate any allegations against these individuals in the Complaint. "A plaintiff, even one proceeding pro se, must plead sufficient facts to show how each defendant allegedly violated plaintiff's rights." *Johnson I*, 2023 WL 2555446, at *18 (citations omitted). "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). Any claims against Cole and Krabbee should be dismissed.

> Finally,
>
> to the extent that Plaintiff is attempting to raise state law claims under the Ohio Corrupt Practices Act, for intentional infliction of emotional distress, breach of duty or negligence, or other claims arising solely under state law, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismiss such claims without prejudice. *See Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x. 382, 384-85 (6th Cir. 2003)) (a "district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.").

*Johnson I*, 2023 WL 2555446, at *28.

### IV. Pending Motions

Plaintiff submitted a Motion for Injunctive Relief with his Complaint. (Doc. 6). The motion seeks a wide variety of relief, nearly all of which appears to be unrelated to the loss of personal property discussed in the Complaint. For example, Plaintiff asks this Court to order LeCI to reorganize its first and second shift supervisors; to order all female staff to work as correctional officers in restrictive housing; to order mental health evaluations on supervisors; to strictly punish officers who turn off cameras; to order certain healthcare providers' licenses permanently

17

suspended; to sanction a nurse for not treating a mouse bite; to order Aramark food services to serve more balanced meals and larger portions; to transfer Plaintiff to Toledo Correctional Institution or Mansfield Correctional Institution; to order a drug sweep and to x-ray staff coming into work. (Doc. 6).

Plaintiff also submitted a Motion to Compel Mandamus, in which he appears to seek discovery of the "kites and grievances" that he needs to prove his case. (Doc. 7).

Because there are no plausible claims raised in this case that should proceed to further development and the case should be closed, the Court should deny Plaintiff's motions as moot. (Doc. 6, 7).

### VI. Summary and Conclusion

Having screened the Complaint under 28 U.S.C. §§ 1915A(b) and 1915(e)(2), the Undersigned **RECOMMENDS** that this Court **DISMISS** all claims concerning the loss of Plaintiff's personal property and related issues; **SEVER** and **DISMISS** without prejudice his unrelated sexual harassment claim; and **DENY** as **MOOT** the pending motions for injunctive relief and mandamus. (Doc. 6, 7). This matter should be **CLOSED** on the Court's docket.

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

### VII. Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall

be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: July 20, 2023                                         /s/ Kimberly A. Jolson
                                                                            KIMBERLY A. JOLSON
                                                                            UNITED STATES MAGISTRATE JUDGE