# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| ALFRED A. JOHNSON SR., | : Case No. 1:23-cv-432 |
| Plaintiff, | : |
| vs. | : Judge Michael R. Barrett |
| | : Magistrate Judge Kimberly A. Jolson |
| DIR. ANNETTE CHAMBERS-SMITH, *et. al.*, | : |
| Defendants. | : |

## SUPPLEMENTAL REPORT AND RECOMMENDATION AND ORDER

This civil rights action was filed by Alfred A. Johnson Sr., a state prisoner who is proceeding without the assistance of counsel. On July 20, 2023, the undersigned Magistrate Judge recommended that the Court dismiss Plaintiff's claims and deny his pending motions for injunctive relief and mandamus as moot. (*See* Doc. 8). Plaintiff has not yet filed formal objections to these recommendations but has filed some other motions. (*See* Doc. 9, 11, 13).

This Supplemental Report and Recommendation concerns the last of these filings—a document entitled "Motion to Supplement Record, and for Injunction Relief[,] Motion [to] Sup[plement] Mandamus," which was received and filed in this case on August 8, 2023. (Doc. 13). The handwritten Motion is at times unclear. Plaintiff appears to seek to add evidence in support of his claims, as well as case law. He also says he is adding several individuals and claims to this action. Finally, he supplements his previous requests for injunctive relief and mandamus. (*Id.*).

The Undersigned **RECOMMENDS** that this new Motion (Doc. 13) be **GRANTED in part** and **DENIED in part**, as discussed below.

**First**, to the extent that Plaintiff seeks to "supplement the record" in this case with additional evidence in support of this claims, citations to his previous cases, or other unrelated legal authority, the Motion is unnecessary and should be **DENIED**. The question currently before the Court is whether Plaintiff's Complaint (Doc. 4) is sufficient under federal law. 28 U.S.C. §§ 1915 and 1915(A). Plaintiff need not, and should not, submit evidence in support of his claims at this point in the case. He should keep his evidence to present at the appropriate time should the case move forward.

**Second**, to the extent Plaintiff is presenting a motion to amend his Complaint to add new issues, claims, and defendants, the Motion should be **GRANTED** because he has a right to amend his Complaint once under these circumstances. Fed. R. Civ. R. 15(a)(1). However, all of the new issues, claims, and defendants should be **DISMISSED**.

As the Undersigned explained in the first Report and Recommendation, the main claim in the Complaint (and what this case is primarily about) is Plaintiff's allegation that his personal property was taken when he was placed in segregation for several hours on March 23, 2023.[1] (Doc. 8, PageID 57–58). And, as Plaintiff has twice been advised, he cannot combine other unrelated claims against different people in one lawsuit. (Doc. 8, PageID 65–67). *See also Alfred A. Johnson, Sr. v. ODRC Annette Chambers-Smith, Dir.*, No. 2:22-cv-4179, 2023 WL 2555446, *7-8 (S.D. Ohio Mar. 17, 2023) (Report and Recommendation) (*Johnson I*).

---

[1] The Undersigned recommended that this claim be dismissed because Plaintiff failed to adequately plead all the required elements. (Doc. 8, PageID 59-60). Nothing in the new Motion (Doc. 13) alters this recommendation.

2

Only two matters in the new Motion arguably arise out of "the same transaction, occurrence, or series of transactions or occurrences" described in the Complaint, or arguably present "question[s] of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). These matters are appropriately included in this case, but do not present plausible claims on which relief may granted.

**A.** Plaintiff asserts that Major Cole, Lieutenant Fairchild, and Sergeant Murry had a duty with respect to his "pack-up" and breached their duty. (Doc. 13, PageID 90). These three individuals were not named as defendants in the Complaint.[2] Plaintiff appears to allege that these three individuals made him lose an opportunity he would have won in the United States Court of Appeals for the Sixth Circuit. (Doc. 13, PageID 91). Specifically, he appears to allege that he could have demonstrated a "clerical mistake" with respect to an appeal that was dismissed in the Sixth Circuit. (*Id.*). This may be an attempt to add an access-to-courts claim allegedly arising from Plaintiff's packed-up personal property.

> Under the First Amendment, prisoners have a fundamental right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). "The United States Supreme Court has established that, in order to have standing to bring a claim for denial of access to the courts, the inmate must establish that he suffered an actual injury as a result of the alleged denial." *Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) (citing *Lewis*, 518 U.S. at 349). "Actual injury" is not shown "without a showing that such a claim has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Root v. Towers*, No. 00-1527, 2000 WL 1888734, at *1 (6th Cir. Dec. 21, 2000). "In other words, an inmate who claims that his access to courts was denied fails to state a claim 'without any showing of prejudice to his litigation.' " *Winburn*, 43 F. App'x. at 733 (quoting *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

---

[2] Plaintiff named "Sgt. Cole (A-Block)" as a defendant in his Complaint. (Doc. 4, PageID 37). Major Cole appears to be a different person. Whether he is the same or a different person does not affect the recommendations herein or in the first Report and Recommendation.

3

> The underlying, lost claim must be arguable and nonfrivolous, and "more than [a] hope" for relief. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Nguyen v. Floyd*, No. 1:22-cv-11628, 2022 WL 3045000, at *2–3 (E.D. Mich. Aug. 2, 2022).

*Johnson I*, 2023 WL 2555446, at *10–11.

Plaintiff appears to try to show "actual injury" by referring to the appeal in *Johnson v. City of Upper Sandusky,* No. 23-3134, which was dismissed for want to prosecution on June 5, 2023.[3] More specifically, the appeal was dismissed because Plaintiff failed to pay the appeal filing fee, or file a motion to proceed in the appeal *in forma pauperis* in the underlying trial court case, N.D. Ohio Case No. 3:22-cv-2320, by the due date of May 5, 2023. (Order, Doc. 8-1 in Appeal No. 23-3134). Plaintiff filed a motion to reconsider this dismissal, arguing as he does here that it was the result of a clerical mistake. (Doc. 10 in Appeal No. 23-3134). The Sixth Circuit rejected his argument. (Doc. 11-2 in Appeal No 23-3134).

Plaintiff appears to assert that he could have shown a clerical mistake if he had his pack-up. (Doc. 13, PageID 91). No other information is given about how Plaintiff would have done so. Moreover, the docket of the underlying trial court case shows—as the Sixth Circuit said—that Plaintiff did not pay the appeal filing fee or file a motion to proceed *in forma pauperis* in the appeal, and has not, to date, done so.[4] In addition, Plaintiff has not pled any reason that the lost claim in that case was meritorious.[5] Thus, Plaintiff has not pled a non-frivolous underlying claim that was lost, and has not pled a plausible access-to-courts claims against Major Cole, Lieutenant Fairchild, and Sergeant Murry. This claim also fails because Plaintiff does not articulate what

---

[3] Available by name or case number search at https://ecf.ca6.uscourts.gov/n/beam/servlet/TransportRoom?servlet=CaseSearch.jsp (accessed August 31, 2023).

[4] The docket of Northern District Case No. 3:22-cv-2320 was reviewed as of August 31, 2023.

[5] The Northern District summarily dismissed the claim as without merit. (Doc. 5, PageID 11 in Case No. 3:22-cv-2320).

4

these individuals *did* to deny his access to the court; he simply says they had a duty and breached it with respect to his pack-up. (Doc. 13, PageID 90-91). This is insufficient. The claim should be dismissed.

**B.** Plaintiff alleges that Annette Chambers-Smith, named previously in the Complaint, "did fail to train and Supervise these state workers that blatantly violated federal constitutional rights." (Doc. 13, PageID 91). This single conclusory sentence is insufficient to state a claim against Chambers-Smith. As this Court explained in Plaintiff's previous case:

> Plaintiff names ODRC Director Annette Chambers-Smith as a defendant. But he provides no facts to support—or even describe—his claims against her. The only mention of the Director in the body of the Complaint is in the form of a legal conclusion, as follows: "Director Annette Chamber-Smith is directly in violation of failure to train and supervise & superior respondeat of the 1st, 4th, 5th, & 14th Amendment." (Complaint, PageID 110).
>
> This brief allegation fails to state a claim upon which relief can be granted. First, a claim consisting only of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)]. A plaintiff, even one proceeding pro se, must plead sufficient *facts* to show how each defendant allegedly violated plaintiff's rights. *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).
>
> Second, "a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate who violated the constitutional rights of another." *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). For such a claim to proceed, "a plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Crawford v. Tilley*, 15 F.4th 752, 761 (6th Cir. 2021) (quoting *Garza v. Lansing Sch. Dist.*, 972 F.3d 853, 865 (6th Cir. 2020)) (cleaned up). Plaintiff does not allege any facts in the Complaint that satisfy this requirement.
>
> Third, it is well-settled that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability." *Hinton v. Skipper*, No. 1:21-cv-480, 2021 WL 4859744, at *2 (W.D. Mich. Oct. 19, 2021) (citing *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)). "Rather, individuals sued in their personal capacity under §

> 1983 are liable only for their own unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011)). There are no allegations here of any allegedly unconstitutional behavior by the Director. Plaintiff's listing of claims against the Director, without providing any facts to support those claims, are insufficient to state plausible claims against her.

*Johnson I*, 2023 WL 2555446, at *18. Plaintiff's allegation here against Chambers-Smith should also be dismissed.

The remaining issues, claims, and individuals mentioned in the Motion are unrelated to the main issue raised in the Complaint and should be **SEVERED** and **DISMISSED** without prejudice. (*See* Doc. 8, PageID 65–67). This include unrelated allegations concerning: a mouse bite;[6] a lump or cyst on Plaintiff's testicle; ODRC officers' failure to approve an institutional separation, using radios to keep Plaintiff awake at night, holding his mail, and preventing him from receiving money; and Plaintiff not receiving recreation or not being allowed to return from recreation.[7] (Doc. 13).

**Third**, Plaintiff supplements his previous motions for mandamus and injunctive relief (Doc. 6, 7) in his new Motion. The Undersigned previously recommended that those motions be denied as moot. (Doc. 8, PageID 70–71). In the new Motion, Plaintiff asks the Court to also compel Lebanon Correctional Institution (LCI) to deliver his "pack-up property" and to "submit exculpatory evidence to the Courts…" (Doc. 13, PageID 94). He also appears to ask the Court to distribute awards of monetary damages to all inmates at LCI. (*Id*.). The requests should be **DENIED** as moot, as there are no plausible claims pled in this case on which relief may be granted and the case should be dismissed.

---

[6] (*See* Report and Recommendation, Doc. 8, PageID 61, 71).

[7] Some of these issues were raised in *Johnson I*.

6

In sum, the Motion (Doc. 13) does not affect the Undersigned's first Report and Recommendation. (Doc. 8). The Motion should be **GRANTED in part**, to the extent that it is a first motion to amend the Complaint. The new claims raised therein that are arguably related to the personal property issue in the Complaint should be **DISMISSED** for failure to state a claim. 28 U.S.C. §§ 1915A(b) and 1915(e)(2). The unrelated claims, issues, and defendants should be **SEVERED** and **DISMISSED** without prejudice.

The Motion (Doc. 13) should be **DENIED in part**, to the extent that it presents evidence or caselaw ostensibly in support of Plaintiff's claims. The renewed or supplemented requests for mandamus or injunctive relief should be **DENIED** as moot.

Plaintiff may file objections to this Supplemental Report and Recommendation, as noted below. Plaintiff is **ORDERED** not to submit any additional filings in this case, absent extraordinary circumstances, until after the Court has had the opportunity to resolve the two Reports and Recommendations and determine if this matter should proceed further.

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


Date:  September 1, 2023                                         /s/ Kimberly A. Jolson
                                                                                      KIMBERLY A. JOLSON
                                                                                      UNITED STATES MAGISTRATE JUDGE